**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>CAMPING WORLD RV SALES, LLC DBA RVS.COM, JAYCO OF OKLAHOMA CITY, and MANUFACTURERS AND TRADERS TRUST COMPANY/M & T BANK,<br><br>Defendants. | CAUSE NO.: 3:25-CV-811-TLS-AZ |

**OPINION AND ORDER**

This matter is before the Court sua sponte. On September 30, 2024, the instant action was commenced by the Plaintiff John Ortiz filing a Petition—in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2024-6277—against Defendants Camping World RV Sales, LLC DBA RVS.com, Jayco of Oklahoma City, and Jayco, Inc. alleging the following claims: (1) against Defendant Jayco Inc. for breach of limited express warranty, entitlement to repurchase, and violation of the Magnuson-Moss Warranty Act; and (2) against Defendants Camping World RV Sales and Jayco of Oklahoma City for breach of contract to make repairs at cost. Compl., ECF No. 11. On October 21, 2024, those Defendants filed a Notice of Removal to the United States District Court for the Western District of Oklahoma asserting federal question jurisdiction under 28 U.S.C. § 1331, based on the claim for violation of the Magnuson-Moss Warranty Act. ECF No. 1. On September 22, 2025, that court transferred the case to the United States District Court for the Northern District of Indiana. ECF No. 9.

However, on July 16, 2026, Defendant Jayco, Inc. filed a Notice of Acceptance Offer of Judgment, ECF No. 33, advising that the Plaintiff had accepted the Defendant's Rule 68 Offer of

Judgment for $5,000. On August 13, 2026, the Court entered an Opinion and Order, directing the Clerk of Court to enter judgment for $5,000 in favor of the Plaintiff John Ortiz and against Defendant Jayco, Inc. ECF No. 41. On August 17, 2026, the Clerk of Court entered the judgment. ECF No. 42. Therefore, the Court entered a judgment in favor of Defendant Jayco Inc. and against the Plaintiff on the claims for breach of limited express warranty, entitlement to repurchase, and violation of the Magnuson-Moss Warranty Act. *See* ECF Nos. 41, 42. And the Plaintiff has since filed an Amended Petition with only claims under state law. *See* Am. Compl., ECF No. 47.

"When only state law claims remain after federal claims have dropped out of the case, the district court enjoys broad discretion whether to relinquish supplemental jurisdiction over the state law claims" pursuant to 28 U.S.C. § 1367(c)(3). *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (citation omitted). However, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)); *see Jones v. Cir. Ct. of Cook Cnty*., No. 18-CV-01319, 2023 WL 5017937, at *6–7 (N.D. Ill. Aug. 7, 2023) (applying the presumption when the court entered judgment against the plaintiff on the sole remaining federal claim and the only remaining claims were under state law).

Here, the only claim under federal law in the Petition, the claim against Defendant Jayco. Inc. for violation of the Magnuson-Moss Warranty Act, dropped out of the case when the Court entered judgment in favor of Defendant Jayco Inc. and against the Plaintiff on that claim. And it is the Court's practice to relinquish jurisdiction over state law claims when, as here, there are no remaining federal claims. *See* 28 U.S.C. § 1367(c)(3). An exception is when there is subject

matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, and it is unclear whether the Court has diversity jurisdiction over the remaining state law claims.

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), (a)(1). And "a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). The Plaintiff having consented to Jayco, Inc.'s removal of the case, Defendants Camping World RV Sales and Jayco of Oklahoma City bear the burden of demonstrating that the requirements for diversity jurisdiction have been met. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

For purposes of diversity jurisdiction, the citizenship of a natural person is determined by "domicile," not residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."); *Am's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)). A domicile is "the state in which a person intends to live over the long run." *Heinen*, 671 F.3d at 670. The citizenship of a corporation is its state of incorporation and its principal place of business. *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company takes the citizenship of every one of its members such

that the "jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). In this case, the Amended Petition does not allege the citizenship of the Plaintiff or the Defendants. Thus, if Defendants Camping World RV Sales and Jayco of Oklahoma City assert that this Court has diversity jurisdiction over the remaining state law claims, they must address whether the parties are diverse.

Also, the Amended Petition alleges "damages in excess of $50,000." But there are no facts before the Court to satisfy the more than $75,000 amount in controversy requirement. Thus, Defendants Camping World RV Sales and Jayco of Oklahoma City must also address whether the amount in controversy requirement is satisfied if they are asserting diversity jurisdiction.

## CONCLUSION

Accordingly, the Court hereby ORDERS Defendants Camping World RV Sales and Jayco of Oklahoma City to FILE, on or before November 30, 2026, a jurisdictional statement resolving all jurisdictional deficiencies identified above and showing cause why this case should not be remanded to the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2024-6277; the Plaintiff to file a response, if any, on or before December 14, 2026; and the Defendant to FILE a reply, if any, on or before December 21, 2026. Failure to do so may result in remand of this case without further notice.

SO ORDERED on November 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT